2026 IL App (1st) 241624-U

No. 1-24-1624

First Division
July 13, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23 CR 60137 |
| MARTELL BROWN, | ) ) | Honorable Timothy Joseph Joyce |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's judgment is affirmed where the statute prohibiting felons from possessing a firearm is not facially unconstitutional or unconstitutional as applied to defendant under the second amendment to the United States Constitution.

¶ 2    Following a bench trial in 2024, defendant Martell Brown was convicted of unlawful use or possession of a weapon by a felon (UUWF) and sentenced to five years in prison. Defendant now appeals, arguing that the UUWF statue violates the second amendment to the United States

Constitution both on its face and as applied to him. Specifically, he contends that the statute cannot satisfy the test articulated by the United States Supreme Court in *New York Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). For the reasons that follow, we affirm defendant's conviction.

¶ 3                                      I. BACKGROUND

¶ 4     Because the underlying facts are not in dispute, we need only recite them briefly here. On the morning of June 8, 2023, the landlord of an apartment building saw defendant sitting on a bicycle near the back of the building. As the landlord approached, defendant lifted his shirt and pulled out a green handgun from his waistband. The landlord told defendant to leave, but defendant ignored him. The landlord then went around to the front of the building and called the police. Upon hearing the police sirens, defendant ran up to the third floor of the building and then returned to where he was sitting on his bicycle. When the police arrived, they recovered the green handgun on the third floor of the building. At trial, the parties stipulated that defendant did not have a valid Firearm Owners Identification (FOID) card at the time of the incident, and that he had previously been convicted of felony burglary.

¶ 5     Based on this evidence, defendant was convicted of UUWF after a bench trial. Prior to arguments on defendant's posttrial motion, defendant also plead guilty to three counts of felony burglary in unrelated cases in exchange for the State's recommendation of a three-year sentence to run concurrently to the sentence for UUWF. The record shows that, including those three burglary convictions, defendant has eight prior felony convictions and a slew of misdemeanor convictions. In the UUWF case, the court denied defendant's posttrial motion and sentenced him to 5 years in prison.

¶ 6     This appeal followed.

¶ 7                                                    II. ANALYSIS

¶ 8     On appeal, defendant argues that his UUWF conviction should be vacated because it violates the second amendment both facially and as applied to him under the test set forth in *Bruen*.

¶ 9     The UUWF statute provides that, as relevant here, that "[i]t is unlawful for a person to knowingly possess on or about his person *** any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2022).

¶ 10    The second amendment states that, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the United States Supreme Court stated that the second amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." In *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010), the Court ruled that second amendment rights as articulated in *Heller* are incorporated against the states via the fourteenth amendment. In so ruling, however, the Court also emphasized that its decision in Heller "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons[.]' " *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 11    Next, in *Bruen*, the Court announced a new, two-step analytical framework for examining the constitutionality of a firearm regulation. *Bruen*, 597 U.S. at 24. Under *Bruen*, a court must first determine whether the plain text of the secondment amended governs the challenged conduct. *Id.* If it does, then the State must point to a comparable historical precedent for the regulation with a focus on what the founders understood the second amendment to mean. *Id.*; see also *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 69-70 (describing the *Bruen* test).

¶ 12    Here, defendant first contends that the UUWF statute is facially unconstitutional under *Bruen* because there is no historical analogue for prohibiting the right to possess a firearm based on one's status as a felon. Defendant maintains that, despite his felony convictions, he remains part of "the people" whose right to possess a firearm is protected by the second amendment.

¶ 13    Although defendant did not challenge the constitutionality of UUWF statute in the court below, a defendant may argue that a statute is facially unconstitutional at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. However, a defendant raising a facial challenge to a statute "faces a particularly heavy burden." *People v. Villareal*, 2023 IL 127318, ¶ 14. Statutes are presumed constitutional, and a court must construe a statute so as to preserve its constitutionality where reasonably possible to do so. *People v. Bochenek*, 2021 IL 125889, ¶ 10. To establish that a statute is facially unconstitutional, a defendant must show that there are no circumstances in which the statute could be validly applied. *Villareal*, 2023 IL 127818, ¶ 14. The constitutionality of a statute is a question of law, which we review *de novo*. *Id.*

¶ 14    Simply put, defendant cannot show that the UUWF is facially unconstitutional in light of *Bruen*. This court has repeatedly considered and rejected this exact argument many times. See *People v. Burch*, 2025 IL App (1st) 231644-U, ¶ 13 (collecting cases).

¶ 15    As the vast majority of these cases hold, the *Bruen* framework does not apply to defendant's conduct because, as a convicted felon, he is not a "law-abiding" citizen. As we explained in *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37, "The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant." Defendant gives us no reason to depart from this precedent here, and we decline to do so.

¶ 16    On that note, we also reject defendant's as-applied challenge to the UUWF statute. To succeed on as an-applied challenge, a defendant must show that the specific facts and circumstances of his particular case make the statute unconstitutional as applied to him. *Mobley*, 2023 IL App (1st) 221264, ¶ 18.

¶ 17    Here, defendant argues that the UUWF statute is unconstitutional as applied to him because his criminal history is nonviolent and he does not pose a current danger to society. The problem for defendant is again that he, as a felon, is "simply outside the box drawn by *Bruen*." *Baker*, 2023 IL App (1st) 220328, ¶ 37. Accordingly, this court has repeatedly rejected similar attempts to distinguish between violent and nonviolent felons in second amendment jurisprudence. See, *e.g.*, *People v. Lopez*, 2025 IL App (1st) 23120, ¶ 26. Instead, the relevant distinction for second amendment purposes remains felons versus nonfelons. *Brooks*, 2023 IL App (1st) 200435, ¶ 100 (rejecting nonviolent felon's as-applied challenge to the armed habitual criminal statute). The record in this case shows that defendant had not one, but eight felony convictions. Thus, he is by no means a "law-abiding citizen" and he is therefore unable to succeed on an as-applied challenge to the UUWF statute.

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court.

¶ 20    Affirmed.